IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                                :
GEORGE EDWARD MCDERMOTT
                                :
   v.                           :    Civil Action No. DKC 2007-0420
                                :
TOWN OF FOREST HEIGHTS, et al.
                                :

                        **MEMORANDUM OPINION**

   Presently pending and ready for resolution in this case is the motion of Defendants to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Also before the court is a motion by Plaintiff for issuance of a temporary restraining order (TRO).  The issues have been fully briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the reasons that follow, the court will grant Defendants' motion to dismiss and will deny Plaintiff's motion as moot.

**I. Background**

   On or about August 3, 2006, Plaintiff, acting *pro se*, filed an amended complaint in the United States District Court for the District of Columbia, apparently alleging that Defendants violated Section 2 of the Voting Rights Act of 1965 (VRA),[1] 42 U.S.C. §

---

   [1] Although Plaintiff refers to the statute as the "voting rights act of 1964," the court will treat the complaint, as it were, as invoking the VRA.

1973, by having "conspired to nullify town legally scheduled and mandated elections under color of law."  Paper 3 at 2.[2]

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007).  That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th

---

[2] The case was transferred to this court on February 20, 2007.

Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations omitted).

**III. Analysis**

 ***A. Defendants' Motion to Dismiss***

 Plaintiff's amended complaint is as long on incoherent verbiage as it is short on colorable factual allegations. Indeed, it is impossible to discern what, if any, claims such allegations would support. Plaintiff rails against the Defendants and their purported violations of the town charter, but he falls well short of pleading a "short and plain statement" of any claims that would entitle him to relief. For example, Plaintiff block quotes a large portion of 42 U.S.C. § 1973b(a)(1), which, *inter alia*, provides that "[n]o citizen shall be denied the right to vote" in any

election based on the "failure to comply with any test or device in any State[.]"[3] Yet nowhere in the complaint does Plaintiff allege that he was denied the right to vote due to any such purportedly failed compliance.[4]

It is true that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, --- S.Ct. ----, 2007 WL 1582936, *4 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).[5] This more lenient standard, however, is necessarily circumscribed. *Pro se* plaintiffs still must allege facts sufficiently "to state their claims in a understandable and

---

[3] Plaintiff even bolded this sentence for emphasis in his complaint. *See* Paper 3 at 3.

[4] It is unclear, as a threshold matter, whether Plaintiff even has standing to bring a claim under § 2 of the VRA, if in fact that is what he has attempted to do. The language of Section 2 makes clear that its purpose is to "prohibit[] any practice or procedure that. . . impairs the ability of a protected class to elect its candidate of choice on an equal basis with other voters." *Voinovich v. Quilter*, 507 U.S. 146, 153 (1993) (internal citation omitted). Plaintiff has not alleged facts showing that he is a member of a protected class so as to have standing to bring a claim under this provision. *See, e.g., Dutmer v. City of San Antonio, Texas*, 937 F.Supp. 587, 591 (W.D.Tex. 1996) (plaintiff who was "not a member of a group protected by the Voting Rights Act" failed to meet standing requirements of having suffered injury-in-fact); *Newman v. Voinovich*, 789 F.Supp. 1410, 1416 (S.D.Ohio 1992) (same), *aff'd*, 986 F.2d 159 (6th Cir.), *cert. denied*, 509 U.S. 924 (1993).

[5] Although Plaintiff acknowledges the proper legal standards for consideration of a motion to dismiss under Rule 12(b)(6), *see* Paper 34 at 1-2, he still does not sufficiently plead any factual allegations to support his "claims," unintelligible as they are.

4

efficient manner." *Stone v. Warfield*, 184 F.R.D. 553, 555 (D.Md. 1999). Plaintiff's failure to do so here warrants dismissal of the complaint. *See Estelle*, 429 U.S. at 107 (ordering dismissal of complaint against one defendant where *pro se* plaintiff failed to state cognizable claim, "[e]ven applying these liberal standards"); *Stone*, 184 F.R.D. at 555.[6]

### B. Plaintiff's Motion for Issuance of Temporary Restraining Order

On March 5, 2007, Plaintiff filed a motion for issuance of a temporary restraining order (TRO), which sought some vaguely defined relief pertaining to an election purportedly held on that day. Paper 29. However, because Plaintiff filed the motion with the court in the night deposit box after the clerk's office had closed, the court did not receive the motion until March 6, 2007. Paper 30.

The election has since been conducted, thereby rendering moot Plaintiff's TRO motion. *See Backus v. Spears*, 677 F.2d 397, 398 (4th Cir. 1982); *Peterson v. Nat'l Telecomm. and Info. Admin.*, 478 F.3d 626, 631 n.1 (4th Cir. 2007).

---

[6] Defendants themselves offer nothing more than a bare, boilerplate "argument" that Plaintiff's complaint fails to state a claim upon which relief can be granted because "it asserts no facts whatsoever upon which any theory [sic] relief can be granted." Paper 31 at 1.

5

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted. Plaintiff's motion for issuance of a temporary restraining order will be denied as moot. A separate Order will follow.

                                                           /s/
                              DEBORAH K. CHASANOW
                              United States District Judge