IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE EDWARD MCDERMOTT       :

                            :

    v.       :     Civil Action No. DKC 2007-0420

                            :

TOWN OF FOREST HEIGHTS, et al.
                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the unopposed motions of Plaintiff for reconsideration and for the court to take judicial notice. The issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will deny both motions.

**I. Background**

On or about August 3, 2006, Plaintiff, acting *pro se*, filed an amended complaint in the United States District Court for the District of Columbia, apparently alleging that Defendants violated Section 2 of the Voting Rights Act of 1965 (VRA), 42 U.S.C. § 1973. The case was transferred to this court on February 20, 2007. On June 8, 2007, this court granted Defendants' motion to dismiss Plaintiff's complaint. On June 20, 2007, Plaintiff filed a motion for reconsideration of the court's decision. Plaintiff also filed a motion for the court to take judicial notice, on June 11, 2007.

**II. Analysis**

   ***A. Motion for Reconsideration***

   Plaintiff filed a motion for reconsideration of the court's decision, but he does not cite to a particular Federal Rule of Civil Procedure. Where a party submits such a motion, which "does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." *In re Burnley*, 988 F.2d 1, 2 (4th Cir. 1992). Because Plaintiff filed the motion within ten days after the court entered judgment, it is properly treated as a Rule 59(e) motion. *See* Fed.R.Civ.P. 59(e); *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996); *Brown v. Johnson*, 169 Fed.Appx. 155, 156 (4th Cir. 2006).[1]

   Although Rule 59(e) does not provide a standard for evaluating a motion to alter or amend a judgment, "there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999). Use of Rule 59(e) motions is improper "to raise

---

   [1] Under Rule 6(a), which excludes weekends from the time computation, Plaintiff's motion for reconsideration was filed within ten days of the court's order. *See* Fed.R.Civ.P. 6(a); *Brown*, 169 Fed.Appx. at 156 n.*.

2

arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*  Instead, "Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).  When faced with a Rule 59(e) motion, the court must bear in mind that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 467 (D.Md. 2002), *aff'd*, 86 Fed.Appx. 665 (4th Cir.), *cert. denied*, 543 U.S. 874 (2004).

Plaintiff's motion for reconsideration is a disjointed collection of incoherent and, in places, fragmented sentences.  By a most generous reading of the motion, Plaintiff appears to allege that Defendants are represented by "an unlicensed legal counsel" who has no right to enter an appearance on their behalf.  Paper 42 at ¶¶ 1-2.  Such an allegation falls woefully short of meeting the high threshold of any of the three grounds necessary to secure the "extraordinary remedy" available under Rule 59(e).  Accordingly, Plaintiff's motion for reconsideration will be denied.

### B. Motion for Judicial Notice

Plaintiff asks the court to take judicial notice, but of what is far from clear. If anything, Plaintiff's motion for judicial notice is less clear than his motion for reconsideration.[2]

A court may take judicial notice of a fact only if it is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). That is, "[o]nly indisputable facts are susceptible to judicial notice." *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.* (4th Cir. 2004).

Plaintiff apparently seeks judicial notice that the conducted election – the purported subject of his dismissed complaint – was deficient in certain respects. That calls for a subjective judgment, as opposed to recognition of an incontrovertible fact, and therefore is plainly an improper matter for judicial notice. *See Nolte*, 390 F.3d at 317 n.* ("Although the filing of an SEC complaint against [a defendant] is indisputable, the facts alleged

---

[2] The following "sentences," apparently discussing a videotape exhibit submitted by Plaintiff, are illustrative of those overwhelmingly found in the motion for judicial notice: "A video documentary evidence saying to past Mayor's supply to this court as irrefutable proof that Attorney Jerome Vanegzo Esquire has no standing to defend an action which he was not retained to do by the defendants individually or the municipality through resolution and a signed sealed retainer agreement required under town charter. Are up[.]" Paper 41 at 2.

4

therein are not.  A court cannot take notice of (and so assume the truth of) mere allegations that [defendants] made false statements or omissions during the class period."). Accordingly, Plaintiff's motion for the court to take judicial notice will be denied.[3]

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration and motion for the court to take judicial notice will be denied.  A separate Order will follow.

```
                            /s/
             DEBORAH K. CHASANOW
             United States District Judge
```

---

[3] When interpreting a *pro se* pleading, such as Plaintiff's instant motions, the court's "task is not to discern the unexpressed intent of the plaintiff, but what the words in the [pleading] mean." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).  This task has been near-herculean and, even under the liberal interpretation afforded to *pro se* pleadings, Plaintiff has failed to establish any cognizable basis for the relief he seeks.

5